UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN WAYNE HUFFER,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN T. MOYER,<br>*Secretary, Md. Dept. of Public Safety and Correctional Services,*<br>J. MICHAEL STOUFFER,<br>*Warden, Eastern Correctional Institution,*<br>JOHN WOLFE, JR.,<br>*Warden, Maryland Correctional Training Center,*<br>RICHARD DOVEY,<br>*Warden, Maryland Correctional Training Center,*<br>RICKY FOXWELL and<br>DAYENA CORCORAN,<br><br>Respondents. | Civil Action No.: TDC-16-3235 |

## MEMORANDUM OPINION

Petitioner Ryan Wayne Huffer, who is currently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition will be DISMISSED and DENIED.

## BACKGROUND

Huffer is serving a 40-year sentence, with 20 years suspended, for first-degree child abuse and second-degree assault in connection with the death of his infant son, who suffered subdural hematomas and brain swelling from "shaken baby syndrome." Pet. ¶¶ 6, 8, ECF No. 1. On

February 24, 2016, Huffer was convicted in the Circuit Court for Frederick County, Maryland following a six-day jury trial. At the time of the filing of the Petition, Huffer was working closely with counsel to overturn his conviction. On September 9, 2016, Huffer was transferred from the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland to ECI. According to Huffer, because ECI is located on the Eastern Shore of Maryland, the transfer has subjected him to "infinitely more stressful" conditions because he cannot receive the "support and frequent visits" from family that he enjoyed while at MCTC and because ECI is "more dangerous" and "less rehabilitative" than MCTC. Pet. ¶ 10. Although Huffer asserts that the transfer took place despite the fact that he "has been a model inmate with no behavioral issues since his term of incarceration began," his Case Manager at MCTC advised him that he was transferred through "no fault of his own" but instead because MCTC needed more room for "lower security inmates." *Id.* ¶¶ 13, 15.

Huffer asserts that the transfer constituted the imposition of additional punishment in violation of his right to due process because ECI is a higher security facility, he thus faces increased potential for harm, such as from gang members, and the move disrupts his "comfort and well-being" by separating him geographically from his attorney, family, and friends. *Id.* ¶ 16. Although Huffer references issues with the validity of his criminal trial and asserts that he is actually innocent, the Petition seeks relief only as to the allegedly improper transfer. As relief, Huffer seeks an evidentiary hearing, a declaratory judgment stating that his transfer constituted punishment, and an immediate transfer from ECI to MCTC.

## DISCUSSION

Respondents seek dismissal of the Petition on the basis that Huffer has not exhausted state and administrative remedies and that his claims are not cognizable because there has been no change in the duration of his confinement.

2

I. **Exhaustion of State Remedies**

Respondents argue that Huffer's Petition must be dismissed because he has failed to exhausted available state remedies. A petitioner seeking federal *habeas* relief must first present each of his claims to the state courts with jurisdiction to hear them. 28 U.S.C. § 2254(b)(1)(A) (2012); *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996). The relevant provision states that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C.A. § 2254(b)(1). This exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Timms v. Johns*, 627 F.3d 525, 531-32 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition challenging civil commitment).

Thus, before filing a federal *habeas* petition, an inmate must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 515, 521 (1982). Huffer has not sought relief from Maryland state courts relating to his transfer, much less received a decision from such a court on the matter. Moreover, in this instance, exhaustion of state judicial remedies would first require exhaustion of administrative remedies that are a precursor to judicial review. Because Huffer's complaint relates to a case management recommendation or decision regarding his transfer, he may not use the Administrative Remedy Procedure ("ARP") to resolve his complaint. *See* Md. Code Regs. 12.02.28.04(B) (listing matters for which inmates may not use

3

the ARP to resolve). Rather, his challenge to the transfer needed to be filed directly with the Inmate Grievance Office ("IGO"). *See* Md. Code Regs. 12.07.01.04(B)(9)(c).

If such a grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. § 10-207(b)(1); *see also* Md. Code. Regs. 12.07.01.06(B). An order of dismissal would constitute a final agency determination on the matter. *See* Md. Code Ann., Corr. Servs. § 10-207(b)(2)(ii). If a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge ("ALJ") of the Maryland Office of Administrative Hearings. *See id.* § 10-208; Md. Code Regs. 12.07.01.07-.08. A decision of the ALJ denying all relief to the inmate is considered a final agency determination. Md. Code Ann., Corr. Servs. § 10-209(b)(1)(ii); Md. Code Regs. 12.07.01.10(A)(2). If the ALJ concludes that the inmate's complaint is wholly or partly meritorious, the decision constitutes a recommendation to the Secretary of Department of Public Safety and Correctional Services, who must make a final agency determination within 15 days after receipt of the ALJ's proposed decision. *See* Md. Code Ann., Corr. Servs. § 10-209(b)(2), (c)(1); Md. Code Regs. 12.07.01.10(B)(4). The final agency determination is subject to judicial review in "the circuit court of the county in which the complainant is confined." *See* Md. Code Ann., Corr. Servs. § 10-210(b)(2). Upon receiving a decision from the circuit court, the inmate may seek review of the circuit court's decision by the Maryland Court of Special Appeals through the filing of an application for leave to appeal. *See* Corr. Servs. § 10-210(c)(2). If the application for leave to appeal is granted but relief is denied, the inmate may file a petition for a writ of certiorari in the Maryland Court of Appeals. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. Exhaustion of state remedies for purposes of federal habeas review includes completion of all of these stages of review. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

There is no dispute that Huffer did not pursue the state remedies available to him prior to filing this Petition. Although Huffer asserts that he filed both an ARP grievance and IGO grievance regarding his transfer, he acknowledges that neither complaint had been resolved at the time that he filed the Petition and does not claim to have pursued remedies in state court. Although Huffer contends that his failure to exhaust alternative remedies should be excused because of the need for immediate relief in light of the alleged dangers he faces at ECI, that argument is unpersuasive because it fails to address why he could not have pursued such emergency relief in the state courts. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) ("It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts."). The Petition will therefore be dismissed for failure to exhaust state remedies.

## II. Due Process Clause

Respondents also assert that where Huffer does not challenge the fact of his imprisonment and does not claim the transfer from MCTC to ECI increased the duration of his confinement, he has no basis for *habeas* relief. The United States Supreme Court has held that the Due Process Clause does not protect a prisoner against transfer from one institution to another within the state prison system. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). To the extent that conditions at ECI may be different from those at MCTC, where there has been no change in the duration of a sentence, a prisoner lacks a liberty interest protected by the Due Process Clause in avoiding particular conditions of confinement, unless those conditions "impose atypical and significant hardship on the inmate in relate to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Huffer has made no showing that the conditions at ECI meet that

5

stringent standard. Accordingly, even if the Court were to consider the Petition on the merits, it would be denied.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases ("Section 2254 Rules") provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. This requirement applies to a § 2241 petition. *See* Section 2254 Rule 1(b) (providing for application of the Section 2254 Rules to any *habeas* petition). Because the accompanying Order is a final order adverse to the applicant, Huffer must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Huffer's claims are dismissed on both procedural grounds and the merits. Upon review of the record, the Court finds that Huffer has not made the requisite showing under the applicable standard. The Court therefore declines to issue a certificate of appealability. Huffer may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, Huffer's Petition for Writ of Habeas Corpus, ECF No. 1, is DISMISSED and DENIED. A separate Order shall issue.

Date: September 24, 2019

THEODORE D. CHUANG
United States District Judge